U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

**JUL 2 7 2012**

**CLERK, U.S. DISTRICT COURT**
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-137-A |
| | § | (NO. 4:09-CR-115-A) |
| | § | |
| BRIAN EUGENE PERRYMAN | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Brian Eugene
Perryman, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence. Movant also attached to the motion a memorandum of law
("Memorandum"), and included a number of documents as exhibits.
The government filed a response, and movant filed a traverse in
reply, to which he attached additional documents. Having now
considered all of the parties' filings, the entire record of this
case, and applicable legal authorities, the court concludes that
the motion should be denied.

I.

Background

On December 18, 2009, movant pleaded guilty to a superseding
information charging movant with two counts of investment of
illicit drug profits in violation of 21 U.S.C. § 854 and 18
U.S.C. § 2. On April 16, 2010, the court sentenced movant to

ninety-seven months' imprisonment as to each count, to run

concurrently with each other, for a total term of imprisonment of

ninety-seven months, followed by a three-year term of supervised

release as to each count, also to run concurrently with each

other.  The United States Court of Appeals for the Fifth Circuit

affirmed.  <u>United States v. Perryman</u>, 418 F. App'x 322 (5th Cir.

Mar. 16, 2011).

II.

<u>Grounds of the Motion</u>

Movant raised two grounds for relief, both alleging that he

was denied effective assistance of counsel by his court-appointed

attorney, Greg Westfall ("Westfall").  As to the first ground,

movant alleged that Westfall was ineffective in negotiating his

plea agreement, that he used coercive, threatening language,

slandered the court, and used movant's cardiac condition to

coerce him to plead guilty.  As the second ground, movant

contended that Westfall failed to object to false and inaccurate

information in the presentence report, thus permitting movant to

be sentenced using the false and inaccurate information.

As the factual basis for ground one movant alleged that

Westfall, both in person and via email, told movant he could lose

his acceptance of responsibility by making too many objections to

2

the factual summary and the plea agreement.  In the Memorandum
movant further maintained that Westfall "used the 'Judicial
Reputation'" of the undersigned to "coerce, trick and force" him
to plead guilty.  Mem. at 1.  Movant further contended Westfall
told him the undersigned would be "mad" if defendant objected and
would cause him to lose his acceptance of responsibility.  Id.

Movant alleged as the factual basis for the second ground
that Westfall failed or refused to object to the following points
in the presentence report: $60,000 alleged to have been drug
proceeds;[1] a two-level "gun enhancement," Mot. at 4; the number
of trips movant made to the home of his uncle and co-defendant to
pick up drugs; the "aiding and abetting" charge excluded by the
court from the plea agreement; "factual inaccuracies in the
[presentence report] that more likely than not swayed the court
in its sentencing decision," id., such as allegations of texting
between movant and his uncle/co-defendant on days movant was in
the hospital or that movant had access to "all the cash" in his

---

[1]The motion states that the amount in question was $60,000.00, while the presentence report indicates it was $66,000.00.  The traverse appears to clarify that amount in question consisted of $60,000.00 in cash and a $6,000.00 deposit.  Consistent with the presentence report, the court will consider the correct amount in issue to be $66,000.00; however, the exact amount does not affect the court's resolution of the motion.

uncle's drug-dealing organization.  Id.[2]

## III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc).  A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

---

[2]Movant appears to raise additional claims against Westfall in his traverse.  However, such may be considered an unauthorized attempt to amend pleadings, which the court need not consider.  United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

IV.

## None of the Grounds Has Merit

A.   Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).   In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial.   Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697.   Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   Id. at 689.   Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard

5

set forth by <u>Strickland</u>.

B.    <u>First Ground for Relief</u>

Movant's contention that his guilty plea was the result of coercion is belied by the record in this case and unsupported by the papers submitted with the motion or traverse.  Movant relies on the first three exhibits attached to his Memorandum to support his contention that Westfall coerced him into pleading guilty by relying on the "Judicial Reputation" of the court to "prod" movant into an involuntary guilty plea.  Mem. at 4.  The first two exhibits are an exchange of email correspondence between Westfall and Stephanie Perryman, movant's wife ("Stephanie").  The emails are dated after movant's rearraignment hearing and pertain to movant's medical condition.  Specifically, the emails discuss a motion for release pending sentencing filed by Westfall after the rearraignment hearing.  Nothing in the emails can be construed as showing coercion by Westfall to induce movant's guilty plea.

The third attachment referenced by movant is a declaration by Stephanie, titled an "Affidavit," wherein she complained primarily of Westfall's purported failure to object to unspecified discrepancies in the presentence report.  Stephanie also alleged that she wrote two letters to the court concerning

6

movant's medical condition, but that Westfall took custody of the letters and instructed her not to contact the court. The declaration further claims that Westfall "continuously instilled a fear of what Judge McBryde would do if [movant] refused to accept responsibility for the charges in which he was accused." Mem. ex. 1(c). The declaration further stated that movant became angry upon Westfall's insistence that movant would face a longer sentence if he objected or failed to accept responsibility.

Stephanie's declaration fails to support movant's claims against Westfall. The sum of the allegations therein are that Westfall attempted to impress upon movant the consequences of failing to accept responsibility. The importance of Westfall's advice and actions is reflected in the three-level reduction movant received for acceptance of responsibility. Movant's claims, and the allegations in Stephanie's declaration, show that Westfall was attempting to advise his client not to do anything that could result in a longer sentence. Absent from movant's claims or the documents submitted with the motion is evidence of Westfall's alleged coercion.

The record of movant's rearraignment hearing also offers no support for movant's claims. When considering a challenge to a guilty plea, the court focuses on "three core concerns: absence

7

of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." United States v. Gracia, 983 F.2d 625, 627-28 (5th Cir. 1993). For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted).

Here, the record of movant's rearraignment hearing shows that the court explained movant's constitutional rights, the consequences of a guilty plea, and the role of the sentencing guidelines and the court in determining movant's sentence, all of which movant testified he understood. Rearraignment Tr. at 7, 10, 15-16. Movant testified that he had discussed with Westfall the plea agreement, factual resume, and a cooperation agreement, and understood the legal meaning of each document before signing it. Id. at 35-36. Movant testified that he understood each of the things the government would have to prove to a jury beyond a reasonable doubt to be convicted at trial. Id. at 36. The court

explained the potential penalties and punishments movant faced if

he persisted in his guilty plea, which movant testified he

understood.  Id. at 44-45.  The court emphasized that the guilty

plea had to be free from coercion:

> THE COURT:  Has -- other than the plea
> agreement, has anyone made any promise or assurance to
> you of any kind in an effort to induce you to enter a
> plea of guilty in this case?
>
> DEFENDANT PERRYMAN:  No, Your Honor.
>
> THE COURT:  Has anyone mentally, physically,
> or in any other way attempted in any way to force you
> to plead guilty in this case?
>
> DEFENDANT PERRYMAN:  No, Your Honor.

Id. at 50.  Based on all of the foregoing, the court expressly

found movant's guilty plea to be knowing and voluntary.  Id. at

55.

A criminal defendant's representations, as well as those of

his lawyer and the prosecutor, and any findings by the judge in

accepting the plea, "constitute a formidable barrier in any

subsequent collateral proceedings." Blackledge v. Allison, 431

U.S. 63, 74 (1977).  Solemn declarations in open court carry a

strong presumption of truthfulness, and a defendant bears a heavy

burden to show that the plea was involuntary after testifying to

its voluntariness in open court.  DeVille v. Whitley, 21 F.3d

654, 659 (5th Cir. 1994).   Considering all of the aforementioned testimony, the court concludes that movant has failed to carry his burden to show that his guilty plea was anything other than knowing and voluntary.   Accordingly, movant has failed to show that Westfall rendered ineffective assistance of counsel in obtaining his plea agreement.

C.   Second Ground for Relief

Movant's second claim of ineffective assistance of counsel fares no better than the first.   None of the objections movant contends Westfall failed to make has merit.   One such objection concerns the source of $66,000.00 deposited in movant's account that was found to be drug proceeds.   In support of his claim that the money was innocently obtained, movant provided declarations from his wife and children purportedly testifying as to the origin of the money.

The problem for movant is that the declarations offer conflicting versions of the source of the funds.   For example, movant's daughters, Sarah Stein and Jennifer Senter, and son, Chris Perryman, averred that $60,000 came from movant's first wife, either from the sale of her home or in a divorce settlement.   In contrast, in a letter dated March 3, 2010, purportedly sent to the probation officer preparing movant's

presentence report, Stephanie maintained that the $66,000 was a payment from a business client to movant to reimburse movant for the cost of a load of fuel.  However, even Stephanie admitted in her letter that she had nothing to support her contentions concerning the $66,000.00.  In short, movant contends Westfall should have objected to the characterization of the $66,000.00 as drug proceeds even in the absence of any corroborating evidence. Any such objection by Westfall would have been frivolous and could have resulted in movant losing credit for acceptance of responsibility.

Similarly, movant complains of Westfall's failure to object to the two-level firearm enhancement.  Movant again relies on the declarations of his family members, all attesting that movant never owned or possessed firearms.  Movant's argument is unavailing, however, because the presentence report recommended the firearm enhancement due to possession of firearms by movant's codefendants during their drug trafficking, not due to movant's personal possession of a firearm.  Westfall could not have objected to the firearm enhancement on the basis of the declarations submitted by movant, and movant has failed to explain what objection Westfall should have made or why such

objection would not have been frivolous.[3]

The remainder of the issues in the presentence report about which movant contends Westfall should have objected are equally meritless.  Movant fails to explain the exact nature of the objections he contends Westfall should have made, nor does he provide evidence or otherwise attempt to show that such objections would not have been frivolous.  It is well-settled that counsel is not constitutionally deficient for failing to make frivolous or futile objections.  Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).  The court notes that movant was sentenced to a term of imprisonment of ninety-seven months, well below the guideline range of 135 to 168 months.  Movant has failed to show he was prejudiced by Westfall's purported failure to object.

In sum, movant has failed to carry his burden to show that Westfall rendered constitutionally deficient representation under the standards set forth in Strickland.

V.

ORDER

Therefore,

The court ORDERS that the motion of Brian Eugene Perryman to

---

[3]The Fifth Circuit also concluded that "the record supports the sentencing court's application of the dangerous weapon enhancement." Perryman, 418 F. App'x at *323.

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 27, 2012.

JOHN McBRYDE
United States District Judge